## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| CURTIS MEDINA, )  | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | CAUSE NO. 3:06-CV-163 TS |
| ) | |
| ED BUSS, ) | |
| ) | |
| Respondent. ) | |

### OPINION AND ORDER

Curtis Medina, a *pro se* prisoner, filed this habeas corpus petition challenging the Indiana State Prison Disciplinary Hearing Board's (DHB) imposition of 60 day loss of good time credits[1] in case ISP 05-05-0011 on May 11, 2005. Mr. Medina was charged with and found guilty of possession of drug paraphernalia in the form of a small scale and a smoking pipe made from an ink pen. The respondent has filed a response. Mr. Medina did not file a traverse and the time for doing so has long since passed.

In his Petition, Mr. Medina asserts four grounds for relief. First, Mr. Medina alleges that his hearing was not held within the applicable time frame as required by the Adult Disciplinary Procedure. This type of claim is not proper in habeas corpus proceedings, where relief is only available for the violation of the federal constitution or laws. 28 U.S.C. § 2254(a). Because this Court cannot grant habeas corpus relief based on the violation of a prison rule, it is not relevant whether these rules were violated. *See Estelle v. McGuire*, 502 U.S. 62 (1991).

In his second and third arguments, Mr. Medina alleges that there was insufficient evidence to find him guilty of the charge of possession of drug paraphernalia on May 11, 2005, because the

---

[1] Mr. Medina's original sanction was the loss of 180 days of good time. However, as a result of Mr. Medina's institutional appeals on other issues, this sanction was later reduced to a loss of 60 days good time.

officers arbitrarily labeled the two items of evidence as drug paraphernalia. In analyzing a challenge to the sufficiency of the evidence, "the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Superintendent v. Hill*, 472 U.S. 445, 455–56 (1985).

> [T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary. Although some evidence is not much, it still must point to the accused's guilt. It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision.

*Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000) (quotation marks, citations, parenthesis, and ellipsis omitted).

> In reviewing a decision for some evidence, courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis.

*McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999) (quotations marks and citation omitted). "The Federal Constitution does not require evidence that logically precludes any conclusion but the one reached by the disciplinary board." *Hill*, 472 U.S. at 457. Therefore, "once the court has found the evidence reliable, its inquiry ends— it should not look further to see whether other evidence in the record may have suggested an opposite conclusion." *Viens v. Daniels*, 871 F.2d 1328, 1335 (7th Cir. 1989).

Here, a small mail scale was found in Mr. Medina's pocket. In addition, a pen that could be used as a smoking pipe was found in Mr. Medina's cell. The officers determined that these items were drug paraphernalia. It is not for this court to determine whether the board could have reached some other conclusion. The scale and pen, despite being items that have legitimate purposes

unrelated to drugs, were some evidence to support the board's finding that Mr. Medina was guilty of possessing drug paraphernalia.

Finally, Mr. Medina asserts that his sanction is excessive. Mr. Medina did not raise this challenge in his institutional appeals. "[T]o exhaust a claim, and thus preserve it for collateral review under § 2254, a prisoner must present that legal theory to the . . . Final Reviewing Authority." *Moffat v. Broyles*, 288 F.3d 978, 982 (7th Cir. 2002). Having failed to do so, Mr. Medina's argument is procedurally defaulted. "[P]rocedural default . . . precludes consideration of this theory under § 2254 unless the prisoner can show cause and prejudice." *Id.*

> [T]he existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded [his] efforts to [present his issues for administrative review].

*Murray v. Carrier,* 477 U.S. 478, 488 (1986). Mr. Medina did not file a traverse and therefore has made no effort to demonstrate cause or prejudice.

For the foregoing reasons, the petition for a writ of habeas corpus is **DENIED**.

SO ORDERED on December 19, 2006

 s/ Theresa L. Springmann  
THERESA L. SPRINGMANN  
UNITED STATES DISTRICT COURT  
FORT WAYNE DIVISION

3